# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER** |
| Plaintiff, ) | |
| ) | Case No. 3:20-cr-91-01 |
| vs. ) | |
| ) | |
| Erich Longie, Jr., ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Erich Longie, Jr.'s motion to withdraw pleas of guilty filed on May 15, 2022. Doc No. 136. Longie requests the Court allow him to withdraw his guilty pleas, based on issues with prior counsel, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). On May 26, 2022, the United States responded in opposition to the motion. Doc. No. 139. For the reasons below, the Court denies Longie's motion.

## I.     BACKGROUND

On June 17, 2020, Defendant Erich Longie was indicted on one count of first degree felony murder, in violation of 18 U.S.C. §§ 1111 and 1153; three counts of child abuse in Indian Country, in violation of 18 U.S.C. §§ 13, 1153, and 3559(f)(3) and N.D.C.C. §§ 14-09-22(1) and 12.1-32-01; and one count of child neglect in Indian Country, in violation of 18 U.S.C. §§ 13, 1153, and N.D.C.C. §§ 14-09-22.1(1) and 12.1-32-01. Doc. No. 33. On February 19, 2021, Longie signed a plea agreement and agreed to plead guilty to all counts of the Indictment. Doc. No. 50. A change of plea hearing was held on March 30, 2021, during which Longie entered guilty pleas to all five counts of the Indictment. Doc. No. 75, p. 16. At the hearing, the Court inquired into Longie's understanding of the plea agreement and of the consequences of pleading guilty. Id. at 14-15. The Court also made inquiries of Longie necessary to determine that his change of plea was made knowingly, voluntarily, and without coercion, threat or promise other than that made in the plea

agreement. Id. at 15. After complying with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, the Court accepted the guilty plea and set a date for sentencing. Id. at 21-24.

On September 29, 2021, the Court received a letter from Longie expressing confusion about his sentencing date and discovery documents. Doc. No. 73. In the letter, Longie offered to provide the United States with more information in exchange for dropping his charges. Id. Longie then filed a pro se motion on December 17, 2021, seeking to withdraw his guilty pleas. Doc. No 84. The Court denied the motion because Longie was represented by counsel, and it could not entertain a pro se motion. Doc. No. 85. Longie's attorney then filed a motion to withdraw as counsel on January 10, 2022. Doc. No. 91. The Court granted the motion (Doc. No. 99), and new counsel was appointed for Longie on February 8, 2022. Doc No. 101. On May 15, 2022, Longie filed this motion to withdraw his guilty pleas through counsel. Doc. No. 136.

II.     **LAW AND ANALYSIS**

Longie asks the Court to allow him to withdraw his guilty pleas to counts 1-5 and proceed to trial. He argues there are fair and just reasons, related to his prior counsel's deficient representation, for the Court to grant the motion. The United States argues Longie cannot establish a fair and just reason to withdraw his guilty pleas, or in the alternative, all relevant factors weigh against allowing withdrawal of Longie's guilty pleas. The Court agrees that Longie cannot show a fair and just reason to withdraw his guilty pleas.

    A.     **Applicable Legal Standards.**

A defendant may withdraw a guilty plea after it has been accepted by the district court only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "There is no right to withdraw; the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." United States v. Andolini, 705 F.3d 335, 337

(8th Cir. 2013). Generally, when a defendant has entered a guilty plea that is both knowing and voluntary while acknowledging that he has committed the crime charged, the Court will not allow a withdrawal of the plea. United States v. Jones, 111 F.3d 597, 602 (8th Cir. 1997). The burden of establishing a "fair and just reason" to permit withdrawal of a guilty plea is on the defendant. United States v. Bastian, 603 F.3d 460, 464 (8th Cir. 2010). A district court need not address the remaining considerations if the defendant fails to show a fair and just reason for withdrawing his plea. United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009). If a defendant establishes a fair and just reason for withdrawal, the district court must then consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." United States v. Heid, 651 F.3d 850, 853–54 (8th Cir. 2011) (citation omitted).

    **B.**    **Ineffective Assistance of Counsel.**

Longie argues the breakdown of the attorney-client relationship prior to his change of plea hearing establishes a fair and just reason to allow him to withdraw his guilty pleas. While not stated directly, Longie appears to argue that he should be allowed to withdraw his guilty pleas based on ineffective assistance of counsel. To withdraw a plea based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that this deficiency prejudiced the defendant. United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996) (citing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). To show deficient performance, a defendant must establish that counsel's performance fell below objective standards of reasonableness. United States v. Cruz, 643 F.3d 639, 642 (8th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). In the context of withdrawing a guilty plea, to show prejudice, a defendant must prove "there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." McMullen, 86 F.3d at 137 (quoting Lockhart, 474 U.S. at 59). For the reasons provided below, Longie has failed demonstrate that counsel's performance was deficient or that any alleged deficiency prejudiced him.

### 1. Objective Standard of Reasonableness.

Longie claims that his former counsel was deficient by failing to share discovery information with him and continuously failing to communicate. However, Longie's own pro se motion states otherwise regarding the discovery materials. In his motion, Longie claimed his former counsel had reviewed discovery with him at least three times. Doc. No. 84, p. 3. Further, Longie's familiarity with the discovery materials was evident during his proffer interview, as he represented that he had reviewed discovery with his attorney, nothing was incorrect in the discovery materials, and that, "It's all there." Doc No. 142 at 2:33:05. The record contradicts Longie's argument that he did not have an opportunity to completely review the discovery materials. He also had ample opportunity at his change of plea hearing to raise any issues with his representation, but instead stated under oath that he was satisfied with the representation he received. Doc. No. 75, p. 5. Nevertheless, even if the Court takes him at his word, courts have held that an attorney providing only a summary of the discovery materials instead of the actual documentation does not rise to the level of ineffective assistance. See e.g., United States v. White, 2009 WL Case 3:20-cr-00091-PDW 500611, *7 (N.D. Iowa Feb. 26, 2009). The Court also notes that no communication issues were brought up during Longie's change of plea hearing, and the alleged communication problems were only brought to the Court's attention after Longie's decision to plead guilty. In turn, the Court cannot conclude that any issues with discovery or communication rise to the level of deficient performance.

Similarly, while not stated directly, Longie appears to argue that his representation was deficient because former counsel coerced him into pleading guilty. Again, the record contradicts his argument. While under oath, Longie indicated he was satisfied with his representation at the change of plea hearing. Doc. No. 75, p. 5. He also represented that he had discussed the consequences of a guilty plea with his attorney. Id. at 10. Longie further indicated he had not been threatened or induced to plead guilty and that he fully understood the plea agreement. Id. at 15. The Court also informed Longie, multiple times, that he would not be allowed to withdraw his guilty plea after the Court accepted it. Id. at 7-8, 14. Longie indicated to the Court, while under oath, that he understood this. Id. at 7, 14.

It is well-established that a defendant's statements at a plea hearing carry a strong presumption of truthfulness. United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008); United States v. Ledezma–Rodriquez, 423 F.3d 830, 836 (8th Cir. 2005); United States v. White, 610 F. App'x 579, 582 (8th Cir. 2015). The Eighth Circuit has repeatedly upheld the denial of motions to withdraw a plea based on ineffective assistance of counsel where the claim directly contradicts statements a defendant made under oath that they are satisfied with his attorney's legal assistance. United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016) (collecting cases). In Longie's pro se motion, he consistently refers to his decision to plead guilty as a "mistake," and states he has now "changed his mind." However, a defendant changing their mind is not a fair and just reason to withdraw a plea. See United States v. Bastian, 603 F.3d 460, 464 (8th Cir. 2010). While Longie appears to regret his decision to plead guilty, there is no evidence that the plea was obtained through coercion, and his statements under oath fail to support his argument. As such, the Court cannot conclude that Longie's counsel unduly pressured him to plead guilty or that counsel's performance was deficient with respect to the advice to plead guilty.

Longie goes on to argue that he was misled by his former counsel as to the terms of the plea agreement. The crux of this argument is that Longie believed the most serious charge—first degree murder—would be dismissed in return for his cooperation. However, once again, the record reflects otherwise. The plea agreement signed by Longie clearly stated he was pleading guilty to first degree murder. Doc. No. 50. During the change of plea hearing, Longie was informed that he was pleading guilty to first degree murder and that there was a possibly of a life sentence—yet he raised no concerns. Doc. No. 75, p. 8. Additionally, Longie, while under oath, went on to represent that no promises outside of the plea agreement had been made to him. Id. at 15. "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017). Given the unreliability of Longie's self-serving argument, the Court cannot conclude that any alleged issues with communication of the plea agreement by Longie's former counsel rise to the level of deficient performance. In turn, on this record, the Court cannot conclude that Longie has met his burden of proving his representation fell below an objective standard of reasonableness in any way.

    **2.    Prejudice.**

Additionally, Longie cannot show he was prejudiced by any alleged error by former counsel. To show prejudice sufficient to withdraw a guilty plea prior to sentencing, Longie must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." McMullen, 86 F.3d at 137. Longie does not point to any witness or evidence that was obscured due to the deficiencies attributed to his former counsel, which would have made him want to take his case to trial. In fact, Longie raised no objections to the factual basis for first degree murder, or any of the other 4 counts, at his change of plea hearing. Importantly, the burden is on Longie to show that, but for an error by former

6

counsel, there is a reasonable probability he would have gone to trial. Given this record, the Court is unconvinced that, but for the alleged deficiencies of counsel, Longie would have taken this matter to trial.

### C. Nature of the Pleas.

Longie's motion can also be construed as a challenge to whether his pleas were knowing and voluntary. It is well-established that "a guilty plea must be both knowing and voluntary" to be constitutionally valid. Parke v. Raley, 506 U.S. 20, 28 (1992). The plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 29. This is because "a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." Id.

While Longie claims to have been misled about the nature of the plea agreement and coerced into pleading guilty, the record decisively refutes his claims. As discussed, Longie specifically indicated at the change of plea hearing that his guilty pleas had not been the result of coercion. Doc. No. 75, p. 15. Further, he communicated that he had reviewed and discussed the plea agreement with his attorney. Id. at 14-15. At the change of plea hearing, Longie did indicate lack of clarity regarding the difference between a binding and non-binding plea agreement. Id. at 6. The Court then explained the difference. Id. at 6-8. This leads the Court to conclude that Longie did not lack the ability to draw the Court's attention to relevant issues of concern. Lastly, he pleaded guilty to each court individually (id. at 16) and did not object to the factual basis underlying each plea. Id. at 17-21. The statements made under oath at the change of plea hearing carry far more weight than Longie's current suggestion that he was forced to plead guilty. Longie has not met his burden of showing that his pleas were not knowing and voluntary.

### D. Other Factors.

If a defendant establishes a fair and just reason for withdrawal of a guilty plea, the court must also consider, "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." Ramirez–Hernandez, 449 F.3d at 826 (quoting United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir.1993)). Here, because Longie has not established a "fair and just reason" for withdrawal of his guilty pleas, the Court need not address these other factors. See United States v. Murphy, 572 F.3d 563, 568 (8th Cir. 2009). Nevertheless, the Court briefly addresses the issues of innocence, timing, and whether the United States would be prejudiced by the withdrawal of Longie's pleas.

#### 1. Innocence.

At best, in the present motion, Longie makes a bare assertion of innocence. A defendant, who makes a motion to withdraw a guilty plea on the basis of actual innocence, bears the burden of producing evidence to support their claim. United States v. Ludwig, 972 F.2d 948, 950 (8th Cir. 1992). Longie has produced no such evidence. To the contrary, he specifically acknowledged, at the change of plea hearing, that the United States could prove facts sufficient to support each count in the indictment. Doc. No. 75, p. 16. "Claims of innocence carry little weight in the face of contrary testimony under oath at a change of plea hearing." United States v. Storholm, 226 Fed. Appx. 639, 640 (8th Cir. 2007); United States v. Hodges, 259 F.3d 655, 661 (7th Cir. 2001). The same is true here, and Longie's claims of innocence lack credibility.

#### 2. Time Between Guilty Pleas and Motion to Withdraw.

The next factor is the length of time between Longie's guilty pleas and his motion to withdraw. The standard for judging a motion for withdrawal of plea is lower when the motion

comes only a day or so after the plea was entered. United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975). "A swift change of heart is itself strong indication that the plea was entered in haste and confusion . . . [b]y contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force." Id. Longie's change of plea hearing was held March 30, 2021. Doc. No. 75. At the hearing, the Court accepted the guilty plea and set a date for sentencing. Id. at 21-23. On September 29, 2021, the Court received a letter from Longie expressing confusion about his sentencing date and discovery documents. Doc. No. 73. This was the first indication Longie gave the Court that even hinted at issues with his representation or wanting to withdraw his pleas. Longie then waited until December 17, 2021, to specifically request that he be allowed to withdraw his pleas.

The roughly 6-month period between the change of plea hearing and Longie's September 29 correspondence appears to be buyer's remorse as sentencing approached, and not genuine dissatisfaction or confusion about his pleas when they were entered. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Fitzhugh, 78 F.3d 1326, 1328 (8th Cir. 1996). In considering the timing of Longie's motion, this factor would weigh against setting aside his guilty pleas.

### 3.     Prejudice to United States.

The final factor is whether the prosecution would be prejudiced in allowing the withdrawal. Longie asserts that no prejudice to the United States would occur if the Court were to allow him to withdraw his guilty pleas. In response, the United States argues that many of the witnesses in this case are children who have just started to move on with their lives. Prejudice to the prosecution

can also include prejudice to cooperating witnesses. See United States v. Morrison, 967 F.2d 264, 269 (8th Cir. 1992). Notably, there are multiple minor victims and witnesses. These children have been informed of Longie's guilty pleas and are under the impression they will not need to testify. It is the Court's view that withdrawal of Longie's pleas would cause these children significant anguish, and the United States would no doubt have challenges in preparing these minors to testify, after previously informing them that their testimony would not be necessary. Accordingly, the Court finds that withdrawal of Longie's guilty pleas would likely prejudice the United States. In sum, even *assuming arguendo* that a fair and just reason to withdraw the guilty pleas existed, the relevant factors all weigh against allowing withdrawal of Longie's pleas.

### III.     CONCLUSION

A thorough review of the entire record and transcript of the change of plea hearing reveals no valid reason to allow Longie to withdraw his guilty pleas. For the reasons set forth above, Longie's motion to withdraw his pleas of guilty (Doc. No. 136) is **DENIED**. Sentencing will proceed as scheduled on June 23, 2022. (Doc. No. 121).

**IT IS SO ORDERED**.

Dated this 13th day of June, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court